U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
MAR 25 2008
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION NO. 08-0034 |
| -vs- | JUDGE DRELL |
| BRYAN CLARK McCANN (01)<br>TAMMY J. LEMOINE (02)<br>MICHAEL BORDELON (03) | MAGISTRATE JUDGE KIRK |

### RULING

In this case under the Migratory Bird Treaty Act, 16 U.S.C. § 703, we are called upon to determine an issue regarding the parameters of the sentence adjudged all three defendants by the Magistrate Judge after pleas of guilty. The only issue raised by appellants is the imposition of a condition prohibiting their frequenting of hunting camps during their probationary period. Appellants complain that, because of the breadth of the condition, they are not certain what conduct is permissible and what conduct might get them into "hot water." The allegedly troublesome language is "the act of being at any hunting camp or hunting campsite anywhere in the world at any time during any season open to hunting at any time."

We review such decisions by a Magistrate Judge for abuse of discretion, just as a circuit court of appeals does for appeals from the district court. See Fed. R. Crim. P. 58(g)(2)(D) ("The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."); U.S. v. Reinhart, 442 F.3d 857, 862 (5th Cir. 2006)

(recognizing the applicability of the abuse of discretion standard of review to sentencing). Conditions of probation are reviewed, likewise, for abuse of discretion in cases where there was a timely objection at trial; otherwise, the review is for plain error. U.S. v. Warden, 291 F.3d 363, 365 n.1 (5th Cir. 2002).

Under either standard we would affirm the sentence imposed in this case. While appellants say that they are limiting their appeal to the single question of confusion, they also comment over and again in brief on the perceived harshness of the overall sentence imposed. We heartily disagree that the sentence is either harsh under the circumstances or confusing. Indeed, an alternate wording of the condition regarding hunting camps to attempt better definition would only serve to create virtual loopholes for appellants to manipulate in future court appearances for violations. What IS obvious from the imposed language is that appellants may not hunt, that they may not be around hunters while the sport is going on, and that they may not be at any site where it is going on. Dr. McCann's particular concern about being unable to be at his farm, where hunting has apparently occurred in the past, is not a valid one. The easily understood point of the condition is that under it, he may certainly be at the farm for purposes unrelated to hunting. If hunting is either occurring or contemplated, he had best not. The government's response to appellants' written statement of reasons correctly points out that appellants will have access to their probation officers during the term of

probation. Any concerns they have can easily be addressed by contacting a probation officer in advance of their planned activity. In short, the imposed condition is not vague.[1]

The sentences imposed by the Magistrate Judge on all defendants are AFFIRMED in all respects.

SIGNED on this 24 day of March, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[1] Even if we were to find that the condition is vague, we are mindful of the Fifth Circuit's vagueness analysis for conditions of probation:

> In United States v. Paul, 274 F.3d 155, 166-67 (5th Cir.2001), cert. denied, 535 U.S. 1002, 122 S.Ct. 1571, 152 L.Ed.2d 492 (2002), we affirmed a condition prohibiting defendant from visiting locations "frequented by minors." We acknowledged some vagueness with the condition but observed that "[t]his lack of specificity is not necessarily fatal to the validity of the restriction." Id. at 166. We also stated that "conditions of probation can be written—and must be read—in a commonsense way" because "it would be impossible to list" every instance of prohibited conduct, hence "[s]entencing courts must inevitably use categorical terms to frame the contours of supervised release conditions." Id.
>
> The category of "sexually oriented or sexually stimulating materials" admittedly is somewhat vague, but Paul requires it be read in a commonsense way. Such a construction compels us to disagree with defendants' suggestion that the condition could apply to newspapers and magazines that contain lingerie advertisements or even to the "Song of Solomon." Moreover, the prohibition on patronizing sexually oriented establishments refers, with sufficient precision, to places such as strip clubs and adult theaters or bookstores.
>
> We therefore read this second condition to narrow the first condition to the kind of sexually explicit materials available at such places. Though a more definite condition might be desirable, the district court has "wide discretion in imposing terms and conditions of supervised release," Paul, 274 F.3d at 164, and a commonsense reading of the special condition satisfies the dictates of due process.

U.S. v. Phipps, 319 F.3d 177, 193 (5th Cir. 2003)