U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 2 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 08-00034 |
| -vs- | JUDGE DRELL |
| BRYAN CLARK McCANN (01)<br>TAMMY J. LEMOINE (02)<br>MICHAEL BORDELON (03) | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court is Defendants' Petition for Rehearing/Reconsideration (Document No. 26). The time for filing an opposition has passed, and the Court finds no need for oral argument.

For the reasons set forth below, the Petition for Rehearing/Reconsideration is DENIED.

### BACKGROUND

Defendants all entered pleas of guilty to various charges under the Migratory Bird Treaty Act, 16 U.S.C. § 703, *et seq.*, and were sentenced accordingly. The sentences incorporate terms of probation accompanied by certain special conditions, one of which includes the suspension of each Defendant's hunting privileges during the period of probation. Defendants all signed documents acknowledging they understood that such suspension of hunting privileges included "being with, or accompanying, or assisting" others

who were hunting, and "being at any hunting camp or hunting campsite anywhere in the world at any time during any season open to hunting of any kind." (Document Nos. 18, 19, and 23.)

Defendants originally appealed the imposition of such condition as being vague, not reasonably related to the appropriate sentencing factors, and involving a greater deprivation of liberty and property than is reasonably necessary. Specifically, Defendants McCann and Lemoine argued their ownership and assistant management status (respectively) of "Corbett Farms," on which the violations at issue occurred, would be unduly hindered if they were not allowed to enter the property during hunting season. (Document No. 21.)

In rejecting this argument, we explained, "The easily understood point of the condition is that under it, [Defendant] may certainly be at the farm for purposes unrelated to hunting. If hunting is either occurring or contemplated, [Defendant] had best not." (Document No. 25, p. 2.) We further noted that any questions regarding particular activities could be addressed with Defendants' probation officer(s) "in advance of their planned activity." (Id., at p. 3.)

In support of the Petition for Rehearing/Reconsideration, Defendants focus their arguments on the perceived unreasonable nature of the condition, insofar as it purports to "deprive these gentlemen of the opportunity to engage in the

*management* of hunting activities, although not participating in hunting in the least." (Document No. 26, p. 2) (emphasis in original).[1]

## LAW

As the United States Court of Appeals for the Fifth Circuit has explained:

> Section 5D1.3 of the [U.S. Sentencing] Guidelines gives a sentencing court broad discretion to impose conditions on supervised release if they are reasonably related to (1) the nature and circumstances of the offense, (2) the need for adequate deterrence of further criminal conduct, and (3) the need to protect the public.

United States v. Mills, 959 F.2d 516, 519 (5th Cir. 1992).

Moreover,

> [I]n addition to certain mandatory conditions of supervised release, sentencing courts are authorized to "order, as a further condition of supervised release", the discretionary conditions of probation set forth in 18 U.S.C. 3563(b)(1)-(10) and (12)-(20) . . . , as well as "any other condition it considers to be appropriate", to the extent that such condition
>
>> (1) is reasonably related to the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), and (a)(2)(D);
>>
>> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>>
>> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).
>
> 18 U.S.C. [§] 3583(d).

---

[1] The Court notes Defendants do not contend Mr. Bordelon has any ownership or management interest in Corbett Farms.

> Thus, a special condition must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant", 18 U.S.C. § 3553(a)(1); and must involve no greater deprivation of liberty than is reasonably necessary in the light of the need "to afford adequate deterrence to criminal conduct", 18 U.S.C. §3553(a)(2)(B), "to protect the public from further crimes of the defendant", 18 U.S.C. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", 18 U.S.C. § 3553(a)(2)(D).

United States v. Coenen, 135 F.3d 938, 940 (5th Cir. 1998).

Defendants also refer to two Second Circuit cases and allege that "occupational restrictions of probation" may only be imposed,

> [W]here: (1) a reasonable direct relationship exist[s] between the defendant's occupation and the conduct relevant to the offense of the conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

(Document No. 26, p. 2.)

The language cited by Defendants is essentially the same as that found in U.S.S.G. § 5F1.5. However, a close review of the jurisprudence reveals this "higher standard for the imposition of occupational restrictions," applies only to "a specified occupation," which is defined as "the defendant's primary means of supporting himself." United States v. Emerson, 231 Fed. Appx. 349, 354 (5th Cir. 2007).

4

The presentence investigation reports in the instant case reveal McCann's primary income is generated by his medical practice, and Lemoine makes his living as a medical technologist. Thus, the special conditions of probation at issue do not constitute "occupational restrictions" that would be subject to the increased scrutiny of U.S.S.G. § 5F1.5.

One of the main functions of the probation system is to ensure that the conduct underlying the offense of conviction does not recur. The violations committed by Defendants occurred at Corbett Farms. It is certainly reasonable, and it conforms with the dictates of the 18 U.S.C. § 3553(a) factors, to preclude Defendants from being present at Corbett Farms, or any other hunting camp, during hunting season. The Court notes there is nothing in the record that would preclude agents or representatives of Defendants from managing the activities at Corbett Farms.

Finally, regarding this Court's reminder to Defendants in its earlier Ruling that any questions concerning the parameters of the conditions of probation could be addressed through the appropriate probation officer, Defendants' assert they "are not comfortable with receiving a blessing from the probation officer on whether certain conduct fits the definition imposed by Magistrate Kirk." (Document No. 26, pp. 2-3.) Additionally, Defendants argue it is inappropriate for a probation officer to perform such a gatekeeping function.

Indeed, the penalties associated with criminal activity are often uncomfortable. The Court posits that Defendants would also be uncomfortable if this had been a case in which some type of drug testing or other arguably personally intrusive condition had been reasonably necessary to carry out the intentions of Congress in enacting the criminal laws and regulations of this land. Under those circumstances, the probation officer would be empowered to collect a sample of bodily fluids for testing. Certainly, then, the probation officer can help Defendants answer any questions they may have regarding the restrictions on their hunting activities. If Defendants do not receive a satisfactory answer from the probation officer, nothing prevents them from seeking further clarification from the Court.

## CONCLUSION

For the reasons set forth above, Defendants' Petition for Rehearing/Reconsideration (Document No. 26) is DENIED.

SIGNED on this 23rd day of July, 2008, at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE